UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 22 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0100-3 (PLF) |
| ) | |
| GREGORY BELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motions of defendant Gregory Bell to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant's pro se motion [Dkt. No. 1551] was filed on the docket of this Court on September 8, 2015. His supplemental motion [Dkt. No. 1562] for relief under Section 3582 was filed on January 21, 2016. The Federal Public Defender entered an appearance in this case and filed a motion [Dkt. No. 1603] on Mr. Bell's behalf ("FPD Mot.") seeking to reduce his sentence under Section 3582(c)(2) from 192 months to a term of less than 188 months. The United States filed a response [Dkt. No. 1605] ("Resp.") to Mr. Bell's motions on February 17, 2017, and a supplemental response [Dkt. No. 1606] ("Suppl. Resp.") on February 22, 2017.

The Federal Public Defender argues that Amendment 782 to the United States Sentencing Guidelines puts Mr. Bell at Offense Level 34, with a Guidelines sentencing range of 151 to 188 months. See FPD Mot. at 2. It seeks a reduction on his behalf to the new low end of the applicable sentencing range, which is 151 months. See id. The government maintains that because of the actual amount of drugs involved, the appropriate Offense Level is not 34, but

Level 36, with a Guidelines sentencing range of 188 to 235 months. See Resp. at 1, 4. It does not oppose a reduction to 188 months, the bottom of what it believes to be the applicable Guidelines sentencing range. See id. at 1, 5; Suppl. Resp. at 2. The government maintains that in sentencing Mr. Bell, then Judge Richard W. Roberts found that Mr. Bell was responsible for more than 1.5 kilograms of cocaine base or crack – the exact amount being unimportant at that time because 1.5 kilograms was the minimum required to trigger a Base Offense Level of 36 under the Sentencing Guidelines. See Resp. at 2-3. It argues that before the Court can consider Mr. Bell's request to reduce his sentence below 188 months, it first must make factual findings regarding the actual amount of drugs attributable to Mr. Bell, in light of the D.C. Circuit's opinion in United States v. Wyche, 741 F.3d 1284 (D.C. Cir. 2014). See id. at 6-7. The government maintains that any such factual inquiry would likely result in a finding that Mr. Bell was responsible for at least 2.8 kilograms of cocaine base or crack. Id. at 7-9. As a result, Mr. Bell would only be eligible for a four-month reduction in his sentence under Offense Level 36, from 192 months to 188 months, the bottom of what the government maintains to be the applicable Guidelines sentencing range. See id. at 7-9.

While the Court was contemplating how to proceed in this case – and specifically whether to schedule an evidentiary hearing pursuant to Wyche in order to determine the actual amount of cocaine base or crack attributable to Mr. Bell – Mr. Bell sent a letter to the Court, which was filed on the docket on March 7, 2018 [Dkt. No. 1654]. In that letter, Mr. Bell asked the Court to "at least grant [him] the four month reduction of sentence in which the government has said it would agree to," making him eligible for halfway house placement as early as April 2018. While neither he nor his counsel expressly has abandoned or withdrawn his request for a reduction to a term of imprisonment below 188 months, the Court will proceed to grant the

motions for reduction of sentence in part by providing the relief Mr. Bell now seeks – a reduction in sentence from 192 months to 188 months.

For these reasons, the Court will GRANT defendant Gregory Bell's motions [Dkt. Nos. 1551, 1562 and 1603] in part and DENY them in part without prejudice to Mr. Bell or his counsel renewing their request for additional relief under Section 3582(c)(2). An Order regarding the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) will be issued this same day.

SO ORDERED.

DATE: 3\22\18

_____
PAUL L. FRIEDMAN
United States District Judge